COPY

FILED

2011 DEC -9 PM 4:04

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY_____

1  Howard I. Camhi (SBN 149194)
   hcamhi@ecjlaw.com
2  ERVIN COHEN & JESSUP LLP
   9401 Wilshire Boulevard, Ninth Floor
3  Beverly Hills, California 90212-2974
   Telephone (310) 273-6333
4  Facsimile (310) 859-2325

5  Attorneys for Peter A. Davidson, Receiver for
   CanAm Capital Corp.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

PETER A. DAVIDSON, Receiver for CanAm Capital Corp.,

　　　　Plaintiff,

v.

CITIBANK N.A., an entity of unknown origin which is believed to be a Delaware corporation

　　　　Defendant.

CASE NO. CV11 10225-FMO

**COMPLAINT TO AVOID AND RECOVER FRAUDULENT TRANSFERS**

Plaintiff, Peter A. Davidson, ("Receiver" or "Plaintiff") receiver for CanAm Capital, Corp. ("CanAm"), avers as follows:

## JURISDICTION AND VENUE

1.　Plaintiff, is the duly appointed and acting receiver for CanAm, having been appointed by an order issued by the Los Angeles Superior Court on January 20, 2011 in Case No. BC 453286 <u>The People of the State of California, By And Through The California Corporations Commissioner v. CanAm Capital Corp. et al.</u>

2.　Plaintiff is a citizen of the State of California.

3.　Defendant, Citibank N.A., ("Citi" or "Defendant") is an entity of unknown origin which is believed to be a Delaware corporation.

13325.16:1299657.1

1

COMPLAINT TO AVOID AND RECOVER FRAUDULENT TRANSFERS

4. Venue is proper in this district because a substantial part of the events giving rise to the claims averred herein occurred in this district.

5. The amount in controversy exceeds $75,000.00.

## **GENERAL ALLEGATIONS**

6. CanAm is a Nevada corporation. At all relevant times, its primary business address was 1875 Century Park East, Suite 1860, Los Angeles, California 90067.

7. At all relevant times CanAm transacted business within and from California. CanAm's business activities included selling membership interests in limited liability companies to investors in California, and elsewhere (hereinafter "Investment Funds").

8. CanAm has never been licensed or qualified with the California Department of Corporations in any capacity to offer or sell securities.

9. At all relevant times, CanAm was, and acted as, the manager of the Investment Funds.

10. Jay Jordan Barnhardt, also known as Jay J. Barnhardt and J.J. Barnhardt, hereinafter ("J.J.") is an individual whose last known residence is 1485 North Doheny Drive, Los Angeles, California 90069.

11. At all relevant times, J.J. was the President of CanAm and the owner of CanAm.

12. Beginning in at least February 2004 and continuing through at least December 2009, CanAm, J.J. and their agents, employees and representatives offered and sold securities in violation of California's Corporate Securities Law to at least 337 investors, raising a total of approximately $25,000,000.00.

13. Of the investors, at least 182 were California residents.

14. CanAm and J.J. offered and sold securities in the form of units of membership interest in a number of limited liability companies. The purported purpose of the offerings was to raise money to provide financing to selected start-up and/or early stage companies, mostly in Canada.

15. CanAm, J.J. and their agents, employees and representatives offered and sold these securities to investors with whom CanAm and J.J. and their agents, employees and representatives had no preexisting business or personal relationship within the meaning of California's Corporate Securities Laws ("CSL").

16. CanAm and J.J. and their agents, employees and representatives offered and sold securities to investors by means of general solicitations in the form of "cold calls".

17. The securities offered and sold were not qualified, pursuant to the CSL, and were not exempt from the qualification requirements of the CSL.

18. On February 11, 2009 the California Corporation's Commissioner issued a Desist and Refrain Order ("2009 Order") against CanAm, J.J. and others for violating CSL section 25110 by offering and selling securities through the use of general solicitations in the form of "cold calls".

19. The 2009 Order was served on March 18, 2009.

20. The 2009 Order prohibited CanAm, J.J. and others from offering and selling securities in the form of membership units in limited liability companies in California unless the offering was qualified or exempt from qualification.

21. Notwithstanding the 2009 Order, beginning in April 2009 and continuing through at least December 2009, CanAm and J.J. and their agents, employees and representatives offered and sold securities to at least 90 investors, raising approximately $3,279,000.00. Of those investors, at least 53 were California residents.

22. Despite the 2009 Order, J.J. continued to violate CSL section 25110 and the 2009 Order by offering and selling securities through the use of "cold calls", and violating CLS section 25401 by offering and selling securities through misrepresentations and omissions of material fact in, among others, the following manner:

    a. Failing to disclose the 2009 Order;

    b. Using at least $1,588,000.00 of investor funds J.J. had transferred to CanAm, in contradiction to the purposes stated in the offering materials;

    c. Using CanAm funds for personal expenses including the following:

      i.    From December 2009 to April 2010, approximately $200,000.00 was used to pay J.J.'s personal income taxes;

      ii.    From September 2009 to July 2010, approximately $716,000.00 was used to fund the CanAm Corp. Defined Benefit Plan for the years 2008, 2009, and 2010;

      iii.    On September 28, 2009, $12,000.00 was given to Steve Heraty for purchase of Santa Rita Partners, Inc.;

      iv.    On March 16, 2009 $26,000.00 was used to purchase an oriental rug;

      v.    From April 2009 to September 2010, at least $574,000.00 was used to pay for the personal credit cards of J.J. and his wife.

23.    J.J. transferred over $1,000,000.00 of investor and CanAm funds out of California two days after the California Corporations Commissioner sent a Consumer Notice to J.J., notifying him that the Department of Corporations was seeking the account records for his personal American Express credit card.

24.    Citi issued J.J. a Citi Platinum Select credit card ("Citi Card").

25.    J.J.'s CitiCard used Account Number xxxx-xxxx-0302-6725.

26.    The CitiCard was a personal credit card.

27.    J.J.'s CitiCard was not a CanAm corporate credit card.

28.    CanAm had no obligation to pay Citi for charges to J.J.'s CitiCard.

29.    Citi did not issue CanAm a credit card.

30.    CanAm did not guarantee the payment of charges made on J.J.'s CitiCard.

### FIRST CLAIM FOR RELIEF

(To avoid Fraudulent Transfer –

California Civil Code §3439.04(a)(1))

31.    The Receiver reavers and repleads Paragraphs 1 through 30 inclusive of this Complaint and incorporates them here in full.

32. The Receiver has been authorized by the Court appointing him to bring this action.

33. Since at least 2003 CanAm has made payments to Citi on the credit card obligations owned by J.J. on his personal CitiCard credit card.

34. The personal charges paid by CanAm include charges for such items as over $451,000 to Roy Brizio Street Rods for the rebuilding of a 1939 Ford Convertible and possibly other "hot rods" for J.J.; in excess of $15,000 to Carrera 6 for work done for J.J. on a Porsche; in excess of $7,400 to Beverly Hills BMW; in excess of $2,800 to Sotiris Salo for salon services; and for other personal, non-business, charges.

35. During the period 2003 through 2010 CanAm made payments to Citi on the credit card obligations owed by J.J., on his personal CitiCard credit card, totaling approximately $639,158.00.

36. The payments by CanAm, on the obligations owed by J.J. to Citi, were made with the actual intent to hinder, delay or defraud CanAm's creditors.

### SECOND CLAIM FOR RELIEF

(To avoid Fraudulent Transfer –

California Civil Code §3439.04(a)(2))

37. The Receiver reavers and repleads paragraphs 1 through 30 and 32 through 36 inclusive of this Complaint and incorporate them here in full.

38. The transfers made by CanAm to Citi were made without CanAm receiving a reasonably equivalent value in exchange for the transfers.

39. At the time the transfers were made by CanAm to Citi, CanAm was engaged or was about to engage in a business or a transaction for which the remaining assets of CanAm were unreasonably small in relation to the business or transaction.

40. At the time the transfers were made by CanAm to Citi, CanAm intended to incur, or believed or reasonably should have believed that it would incur, debts beyond its ability to pay them as they became due.

///

## THIRD CLAIM FOR RELIEF

(To Avoid Fraudulent Transfer

California Civil Code §3439.05)

41. The Trustee reavers and repleads Paragraphs 1 through 30 and 32 through 36 inclusive of this Complaint and incorporates them here in full.

42. CanAm currently has creditors whose claims arose before the transfers made to Citi.

43. CanAm received less than a reasonably equivalent value in exchange for the transfers made to Citi.

44. At the time of the transfers to Citi, CanAm was insolvent or became insolvent as a result of the transfers.

WHEREFORE, the Receiver prays as follows:

1. For Judgment avoiding CanAm's transfers to Citi;

2. For Judgment against Citi in the sum of $639,158.00;

3. For interest on the funds transferred to Citi from the date of the transfers;

4. For costs of suit; and

5. For such other further relief as the Court deems just and proper.

DATED: December 7, 2011

Respectfully submitted,

ERVIN COHEN & JESSUP LLP

By: /s/ Howard Camhi
Howard Camhi
Attorneys for Peter A. Davidson, Receiver for CanAm Capital Corp.

Name & Address:
Howard I. Camhi (SBN 149194)
ERVIN COHEN & JESSUP LLP
9401 Wilshire Blvd., 9th Floor
Beverly Hills, CA 90212
Tel: 310-273-6333 - Fax: 310-859-2325

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| PETER A. DAVIDSON, Receiver for CanAm Capital Corp., | CASE NUMBER |
|---|---|
| PLAINTIFF(S) v. | CV11 10225-fmo |
| CITIBANK N.A., an entity of unknown orgin which is believed to be a Delaware corporation | **SUMMONS** |
| DEFENDANT(S). | |

TO: DEFENDANT(S): CITIBANK N.A.

A lawsuit has been filed against you.

Within __21__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, _____, whose address is _____. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: __DEC - 9 2011__    By: __[signature]__
                                Deputy Clerk

(Seal of the Court)

[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].

Name & Address:
Howard I. Camhi (SBN 149194)
ERVIN COHEN & JESSUP LLP
9401 Wilshire Blvd., 9th Floor
Beverly Hills, CA 90212
Tel: 310-273-6333 - Fax: 310-859-2325

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| PETER A. DAVIDSON, Receiver for CanAm Capital Corp., PLAINTIFF(S) v. CITIBANK N.A., an entity of unknown orgin which is believed to be a Delaware corporation DEFENDANT(S). | CASE NUMBER CV11 10225-FMO SUMMONS |
|---|---|

TO: DEFENDANT(S): CITIBANK N.A.

A lawsuit has been filed against you.

Within __21__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, _____, whose address is _____. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Dated: DEC - 9 2011

Clerk, U.S. District Court
By: _____
MARILYN DAVIS
Deputy Clerk

(Seal of the Court)

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

CV-01A (10/11)                                                   SUMMONS

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)
PETER A. DAVIDSON, Receiver for CanAm Capital Corp.

**DEFENDANTS**
CITIBANK N.A., an entity of unknown orgin which is believed to be a Delaware corporation

**(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)

Ervin Cohen & Jessup LLP    Tel: 310-273-6333
9401 Wilshire Blvd. 9th Floor
Beverly Hills, CA 90212

**Attorneys (If Known)**

---

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff
☒ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify):
☐ 6 Multi-District Litigation
☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☐ Yes ☒ No (Check 'Yes' only if demanded in complaint.)
**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☒ No   ☒ **MONEY DEMANDED IN COMPLAINT:** $ 639,158.00

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
California Civil Code Section 3439.04(a)(1); California Civil Code Section 3439-04(a)(2)

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☒ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 530 General | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 535 Death Penalty | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/ Other | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 550 Civil Rights | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | FORFEITURE / PENALTY | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | ☐ 610 Agriculture | PROPERTY RIGHTS |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury- Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury- Product Liability | ☐ 443 Housing/Accommodations | | ☐ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 630 Liquor Laws | SOCIAL SECURITY |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | ☐ 445 American with Disabilities - Employment | ☐ 640 R.R. & Truck | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | IMMIGRATION | ☐ 446 American with Disabilities - Other | ☐ 650 Airline Regs | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | REAL PROPERTY | ☐ 462 Naturalization Application | ☐ 440 Other Civil Rights | ☐ 660 Occupational Safety /Health | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | ☐ 463 Habeas Corpus- Alien Detainee | | ☐ 690 Other | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | ☐ 465 Other Immigration Actions | | | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determination Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | | | | FEDERAL TAX SUITS |
| ☐ 950 Constitutionality of State Statutes | ☐ 240 Torts to Land | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

CV11 10225

**FOR OFFICE USE ONLY:** Case Number: _____

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

CV-71 (05/08)    CIVIL COVER SHEET    Page 1 of 2

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑ No ☐ Yes
If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:
(Check all boxes that apply)  ☐ A. Arise from the same or closely related transactions, happenings, or events; or
　　　　　　　　　　　　　　☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
　　　　　　　　　　　　　　☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
　　　　　　　　　　　　　　☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
　　Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County | |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved.

X. SIGNATURE OF ATTORNEY (OR PRO PER): _____  Date December 9, 2011

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |