Kurt Ramlo (SBN 166856)
Bertrand Pan (SBN 233472)
**DLA Piper LLP (US)**
550 South Hope Street Suite 2300
Los Angeles, California  90071
Telephone:  (213) 330-7800
Facsimile:  (213) 330-7600
kurt.ramlo@dlapiper.com
bertrand.pan@dlapiper.com

Attorneys for Defendant Citibank, N.A.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETER A. DAVIDSON, Receiver for CanAm Capital Corp., <br><br>            Plaintiff, <br><br>      v. <br><br> CITIBANK, N.A., <br><br>            Defendant. | Case No.:  11-cv-10225-FMO <br><br> **Citibank N.A.'s Answer and Defenses to Complaint to Avoid and Recover Fraudulent Transfers** |

Citibank, N.A. ("Citibank"), by and through its undersigned attorneys, for its answer and defenses to the Complaint to Avoid and Recover Fraudulent Transfers (the "Complaint") filed by Peter A. Davidson, receiver for CanAm Capital Corp. (the "Plaintiff"), respectfully states as follows:

1.     Citibank lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1.

2.     Citibank lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 2.

3.     Citibank admits that it is a federally chartered bank and denies the balance of the allegations contained in this Paragraph 3.

4. Citibank lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 4.

5. Citibank admits that the amount in controversy exceeds $75,000.00.

6. Citibank admits that CanAm Capital Corp. is a Nevada corporation and that its primary business address at certain times was 1875 Century Park East, Suite 1850, Los Angeles, California 90067, but denies the remaining allegations in Paragraph 6.

7. Citibank lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 7.

8. Citibank lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8.

9. Citibank lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 9.

10. Citibank lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10.

11. Citibank lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11.

12. Citibank lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12.

13. Citibank lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13.

14. Citibank lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14.

15. Citibank lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15.

16. Citibank lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 16.

17. Citibank lacks knowledge or information sufficient to form a belief as

to the truth of the allegations in Paragraph 17.

18. Citibank lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18.

19. Citibank lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19.

20. Citibank lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20.

21. Citibank lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21.

22. Citibank lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 22.

23. Citibank lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 23.

24. Citibank admits that it issued a Citi Platinum Select credit card account current ending in 6725 to Jay J. Barnhardt (the "Account") and denies the balance of the allegations in Paragraph 24.

25. Citibank admits that it issued the Account, which currently ends in 6725 and denies the balance of the allegations in Paragraph 25.

26. Citibank admits that CanAm was not an account holder for the Account and denies the remaining allegations in Paragraph 26.

27. Citibank admits that CanAm was not an account holder for the Account but lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 27.

28. Citibank lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 28.

29. Citibank admits that it has not located a credit card account in the name of CanAm but lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 29.

30. Citibank admits that CanAm is not listed as an account holder on the Account and that the terms and conditions governing the Account do not require CanAm to pay the Account but lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegation in Paragraph 30.

**FIRST CLAIM FOR RELIEF**

**(To Avoid Fraudulent Transfer – California Civil Code §3439.04(a)(1))**

31. Citibank incorporates by reference its prior responses to the allegations in Paragraphs 1-30 as if each had been fully set forth herein.

32. Citibank lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 32.

33. Citibank admits that since 2003 it received payments on the Account through checks drawn on a banking account of CanAm Capital Corp., but lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 33.

34. Citibank lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 34.

35. Citibank admits that since 2003 it received payments on the Account from CanAm Capital Corp., but lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 35.

36. Citibank lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 36.

**SECOND CLAIM FOR RELIEF**

**(To Avoid Fraudulent Transfer – California Civil Code §3439.04(a)(2))**

37. Citibank incorporates by reference its prior responses to the allegations in Paragraphs 1-36 as if each had been fully set forth herein.

38. Citibank lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 38.

39. Citibank lacks knowledge or information sufficient to form a belief as

to the truth of the allegations in Paragraph 39.

40. Citibank lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 40.

## THIRD CLAIM FOR RELIEF

## (To Avoid Fraudulent Transfer – California Civil Code §3439.05)

41. Citibank incorporates by reference its prior responses to the allegations in Paragraphs 1-40 as if each had been fully set forth herein.

42. Citibank lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 41.

43. Citibank lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 42.

44. Citibank lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph .

## PRAYER FOR RELIEF

45. Citibank denies that Plaintiff is entitled to any of the relief requested in the Complaint.

## Additional Defenses and Reservation of Rights

46. Citibank reserves the right to assert all applicable defenses to the claims asserted in the Complaint. As Citibank has not yet obtained discovery from Plaintiff, Citibank reserves the right to amend or otherwise supplement this pleading, including the defenses set forth herein as may be appropriate. Without limiting the generality of the foregoing, and without regard as to whether the defenses set forth below are affirmative defenses within the meaning of Fed. R. Civ. P. 8(c), and without conceding that any such defense must be set forth in this pleading.

## FIRST DEFENSE

47. Plaintiff has failed to state a claim upon which relief can be granted.

## SECOND DEFENSE

48. The court lacks jurisdiction over the subject matter of this action.

## THIRD DEFENSE

49. Plaintiff lacks standing to bring the claims in the Complaint.

## FOURTH DEFENSE

50. The transfers by CanAm Capital Corp. sought to be avoided by Plaintiff under California Civil Code §3439.04(a)(1) are not avoidable because Citibank took such transfers in good faith and for reasonably equivalent value.

## FIFTH DEFENSE

51. The transfers by CanAm Capital Corp. sought to be avoided by Plaintiff under California Civil Code §3439.04(a)(1) are not avoidable because Jay J. Barnhardt or others were initial transferees and Citibank was a subsequent good-faith transferee of such transfers.

## SIXTH DEFENSE

52. Certain transfers by CanAm Capital Corp. sought to be avoided by Plaintiff under California Civil Code §3439.04(a)(1) are not avoidable because the Complaint was filed more than four years after such transfers were or could reasonably have been discovered by creditors of CanAm Capital Corp.

## SEVENTH DEFENSE

53. Certain of the transfers by CanAm sought to be avoided by Plaintiff under California Civil Code §3439.04(a)(2) and California Civil Code §3439.05 are not avoidable to because the Complaint was filed more than four years after such transfers were made.

## EIGHTH DEFENSE

54. Certain of the transfers by CanAm Capital Corp. sought to be avoided by Plaintiff are not avoidable because the Complaint was filed more than seven years after such transfers were made.

## NINTH DEFENSE

55. Citibank is entitled to a reduction in the amount of any avoidable transfer because Citibank was a good-faith transferee and gave value to or for the benefit of CanAm Capital Corp.

## TENTH DEFENSE

56. The claims asserted by Plaintiff are barred by the doctrine of laches.

## ELEVENTH DEFENSE

57. The claims asserted by Plaintiff are barred by the doctrine of waiver.

## TWELFTH DEFENSE

58. The complaint should be dismissed for insufficient process and service of process, in that the summons and accompanying materials failed to apprise Citibank when or how it was served.

## THIRTEENTH DEFENSE

59. The complaint should be dismissed for failure to timely serve within 120 days after filing of the complaint.

WHEREFORE, Citibank requests that the Court deny all of the relief requested by Plaintiff and grant Citibank such other relief as may be deemed just and proper.

Dated: May 14, 2012

Respectfully submitted,

DLA Piper LLP (US)

By */s/ Kurt Ramlo*
Kurt Ramlo
Bertrand Pan
Attorneys for Defendant Citibank, N.A.