Kurt Ramlo (SBN 166856)
Bertrand Pan (SBN 233472)
**DLA Piper LLP (US)**
550 South Hope Street Suite 2300
Los Angeles, California  90071
Telephone:  (213) 330-7800
Facsimile:  (213) 330-7600
kurt.ramlo@dlapiper.com
bertrand.pan@dlapiper.com

Attorneys for Defendant Citibank, N.A.

Howard I. Camhi (SBN 149194)
**Ervin Cohen & Jessup LLP**
9401 Wilshire Boulevard, Ninth Floor
Beverly Hills, California 90212-2974
Telephone (310) 273-6333
Facsimile (310) 859-2325
hcamhi@ecjlaw.com

Attorneys for Plaintiff Peter A. Davidson, Receiver
for CanAm Capital Corp.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETER A. DAVIDSON, Receiver for CanAm Capital Corp., <br><br> Plaintiff, <br><br> v. <br><br> CITIBANK, N.A., <br><br> Defendant. | Case No.:  CV-11-10225-JFW (AGRx) <br><br> **Joint Report** <br><br> Scheduling Conference: <br> Date:  June 18, 2012 <br> Time:  8:30 a.m. |

The undersigned counsel for Plaintiff Peter A. Davidson, receiver for the

assets of CanAm Capital Corp., and Defendant Citibank, N.A. have conferred and

hereby submit the following Joint Case Management Report in accordance with the

1   Court's Order dated May 17, 2012 (ECF No. 15), Federal Rules of Civil
2   Procedure 16(b) and 26(f), and Local Rule 26-1:

3   **1.  Jurisdiction and Venue**

4       Plaintiff contends that this Court has subject matter jurisdiction over this
5   controversy pursuant to 28 U.S.C. § 1332, because complete diversity of citizenship
6   exists between the Plaintiff and Defendant, and the amount in controversy exceeds
7   $75,000, exclusive of interest and costs.  Defendant contends that because the
8   receiver is seeking to pursue claims that could not be brought by CanAm Capital
9   Corp., and that could be brought only by certain creditors of CanAm Capital Corp.,
10  the citizenship of those creditors Plaintiff purports to represent must be determined
11  before diversity of citizenship can be determined.  Plaintiff contends that diversity
12  of citizenship of the instant matter is determined by the citizenship of the Receiver,
13  as Plaintiff, and Defendant and, further, that complete diversity exists.

14      Defendant contends that Plaintiff failed to serve the complaint within 120
15  days after its filing, as required by Rule 4(m), and that Plaintiff has failed to show
16  cause for any extension of the 120-day period.  Plaintiff contends that service of the
17  Summons and Complaint was effectuated within the time set forth in this Court's
18  Order to Show Cause (Dkt # 5) as reflected by this Court's Order Vacating Order to
19  Show Cause (Dkt # 12) and thus no further issue exists.  Defendant disagrees with
20  this contention.

21      Defendant contends that the legal process sent to Defendant was insufficient,
22  in that the summons, complaint, and other materials mailed to an officer of
23  Defendant failed to advise the officer when or how Plaintiff was attempting to serve
24  Defendant.  Plaintiff disputes this contention and asserts that Defendant's filing of
25  an Answer asserting substantive responses to Plaintiff's allegations moots or waives
26  this potential issue.

27  **2.  Factual Background**

28      Plaintiff alleges the following:  CanAm Capital Corporation offered and sold

DLA PIPER LLP (US)
LOS ANGELES

**Joint Report**

securities to investors in violation of California law.  CanAm paid the personal credit card charges of its principal, J.J. Barnhardt, (1) with the actual intent to hinder, delay, or defraud CanAm's creditors, (2) without receiving reasonably equivalent value of exchange when CanAm was engaged or was about to engage in a business or a transaction for which the remaining assets of Can Am were unreasonably small in relation to the business or transactions, and (3) without receiving reasonably equivalent value in exchange while CanAm was insolvent or rendered insolvent by the payments.

Citibank lacks information about most of the Plaintiff's allegations.  Citibank opened a credit card account for J.J. Barnhardt and since at least 2002 received payments on the account through checks drawn on a bank account of CanAm.  At no time did Citibank have any knowledge or notice of the alleged misconduct by CanAm or J.J. Barnhardt that formed the basis for the appointment of Plaintiff as receiver of CanAm's assets.  Defendant intends to investigate, through discovery and otherwise, whether the charges to J.J. Barnhardt's account arose from business activity and whether CanAm's payments on the account were made in satisfaction of other liabilities owed by CanAm to J.J. Barnhardt.

### 3.  Disputed Points Of Law

Whether diversity of citizenship in an action predicated on CanAm's fraudulent transfer rights or its creditors' fraudulent transfer rights is calculated by Plaintiff's citizenship or the citizenship of those creditors whose rights he is asserting.

Whether Plaintiff has standing to pursue CanAm's rights or the rights of its creditors under California's Uniform Fraudulent Transfer Act.  See Cal. Civ. Code §§ 3439.07(a), (d) (providing that creditor or assignee for benefit of creditors may avoid fraudulent transfer).

Whether the one-year statute of repose found at California Civil Code § 3439.09(a) is measured from the knowledge acquired by Plaintiff or the

knowledge acquired by those creditors he represents.  See <u>Warfield v. Alaniz</u>, 453 F. Supp. 2d 1118, 1131 n.10 (D. Ariz. 2006) (finding genuine issue of fact whether receiver could have reasonably determined fraudulent nature of transactions within first year after appointment).

Whether, as Plaintiff contends, that Citibank knew or should have known that payments on J.J. Barnhardt's personal credit card were being made by CanAm, thus putting Citibank on notice that it was receiving fraudulent transfers such as to remove any claim by Citibank that it acted in good faith.

### 4.  Motions

No motions have been filed in this action.

Both Plaintiff and Defendant anticipate filing a motion under Federal Rule of Civil Procedure 56.

### 5.  Additional Parties and Amendments to the Pleadings

Plaintiff does not at this time seek to add additional parties or amend its pleading.  Defendant does not seek to add additional parties or amend its pleading.

### 6.  Initial Disclosures

The parties will timely comply with the initial disclosure requirements under Federal Rule of Civil Procedure 26(a)(1), and will exchange initial production of documents and the categories of information called for by the rule at that time.

### 7.  Discovery and Discovery Plan

There has been no discovery taken to date.

<u>Changes to initial disclosures</u>

The parties agree that no change should be made in the timing, form, or requirement for disclosures under Rule 26(a).

<u>Subject matter of discovery</u>

Plaintiff anticipates serving interrogatories, request(s) for production of documents and requests for admission on Defendant and deposition and document subpoenas on third parties with knowledge of the allegations of the Complaint and

DLA PIPER LLP (US)
LOS ANGELES

EAST\48562183.3                                    -4-

**Joint Report**

Defendant's Answer and Affirmative Defenses.  Plaintiff anticipates deposing any expert witness(es) that may be identified by Defendant in this case.

Defendant anticipates serving interrogatories, a request for production of documents, and request for admissions on Plaintiff, and deposition and document subpenas on third parties with knowledge of the Plaintiff's allegations on his complaint.  Because Defendant lacks knowledge about most allegations of the complaint, Defendant may need to propound more than 25 interrogatories.  Plaintiff anticipates deposing Plaintiff's expert witnesses.

The parties also reserve the right to file motions seeking to enlarge the scope of discovery permitted by the rules and/or explained in this Joint Report.

<u>Electronic discovery</u>

The parties are presently unaware of any issues with respect to Electronic Discovery but will work towards a mutually acceptable resolution in the event issues arise.  Defendant does not believe that Electronic Discovery from Defendant is necessary, as Defendant will produce documents printed or created from electronic files.  Plaintiff reserves all rights with respect to this contention.

<u>Privilege and work product issues</u>

The parties are not currently aware of any privilege or work product issues.

<u>Limitations on discovery</u>

The parties agree that no changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure, except as noted above and pursuant to the appropriate Order after Motion or Stipulation.

**8. Related Cases**

The parties are not currently aware of any related cases or proceedings.

**9. Damages Sought**

Plaintiffs' Position: Plaintiff currently seeks the amount of $639,158.00 and reserves the right to seek additional damages according to proof at time of trial or before.

DLA Piper LLP (US)
Los Angeles

**Joint Report**

1  Defendant's Position:  According to Defendant's initial calculations, the total
2  amount of payments received by Citibank (a) during the seven years before the
3  filing of the Complaint is approximately $556,000 and (b) during the four years
4  before the filing of the Complaint is approximately $260,000.

5  Contentions of the Parties:  The parties agree that Plaintiff cannot avoid
6  transfers that occurred more than seven years before the filing of the Complaint.
7  The parties acknowledge that their initial calculations differ with respect to the total
8  amount of transfers that occurred during those seven years.

9  ### 10.  Certification of Interested Entities

10  The parties have filed their respective "Certification as to Interested Parties
11  or Persons."

12  Plaintiff

13  Plaintiff states the following persons may have a direct, pecuniary interest in
14  the outcome of this case, a financial interest in the subject matter in controversy or
15  in a party to the proceeding, or any other kind of interest that could be substantially
16  affected by the outcome of the proceeding:

17  Plaintiff contends that Plaintiff, as Receiver for CanAm Capital Corp., and
18  the receivership estate of CanAm and its creditors have direct pecuniary interests in
19  the outcome of this case.  Plaintiff also identifies Defendant Citibank, N.A. and its
20  owners and affiliates have direct pecuniary interests in the outcome of this case.

21  Defendant

22  Defendant states the following persons may have a direct, pecuniary interest
23  in the outcome of this case, a financial interest in the subject matter in controversy
24  or in a party to the proceeding, or any other kind of interest that could be
25  substantially affected by the outcome of the proceeding:

26  a.    Plaintiff Peter A. Davidson, as receiver for CanAm
27  Capital Corp., and the stakeholders in the receivership estate (whose
28  identities are unknown to Defendant Citibank, N.A.).

DLA PIPER LLP (US)
LOS ANGELES

EAST\48562183.3                                          -6-

Joint Report

b.     Defendant Citibank, N.A.

c.     Citigroup Inc., the parent corporation that indirectly and wholly owns Defendant Citibank, N.A.

## 11.  Proposed Trial/Discovery Schedule

Proposed Fact Discovery Cut-Off:  December 14, 2012

Proposed Expert Disclosure Cut-Off:  January 7, 2013

Proposed Rebuttal Expert Disclosure Cut-Off:  January 28, 2013

Proposed Expert Discovery Cut-Off:   March 1, 2013

Proposed Last Date for Hearing of Dispositive Motions:  May 13, 2013

Proposed Final Pre-Trial Conference:  July 8, 2013

Proposed Trial Date:  July 29, 2013

## 12.  Jury Trial Issues

Neither party requested a jury trial.

Plaintiff estimates that its portion of the bench trial would take three days.

Defendant preliminarily estimates that its portion of the bench trial would take five days.

## 13.  Settlement Issues

The parties select settlement procedure number 1 under Local Rule 16-15.4.

## 14.  Complex Litigation

The parties do not believe that this case is complex or requires reference to the procedures set forth in the Manual of Complex Litigation.

## 15.  Expected Dispositive Motions

Plaintiff anticipates filing a summary judgment motion on Defendant's liability to Plaintiff and the Receivership estate for receiving fraudulent transfers in an amount subject to proof.

Depending on the information uncovered through discovery, Defendant anticipates filing a summary judgment motion on one or more of the following: (a) that diversity of citizenship does not exist, (b) that Defendant failed to serve the

1  summons and complaint within 120 days, without cause for any extension, (c) that

2  the creditors represented by the receiver should have discovered the nature of the

3  transfers more than one year before the filing of the complaint, (d) that CanAm was

4  solvent before and after each transfer, (e) that each transfer was made without the

5  existence of fraud, and (e) that CanAm received reasonably equivalent value in

6  exchange for each transfer.

7  **16.  Unusual Legal Issues**

8  The parties do not believe that there are any unusual legal issues in this case.

9  **17.  Severance, Bifurcation or Other Ordering of Proof**

10  The parties do not believe that the issues in this case require severance,

11  bifurcation, or other ordering of proof.

12  Respectfully submitted,

13  Dated:  June 8, 2012                Ervin Cohen & Jessup LLP

14  By  _/s/ Howard Camhi_____

15  Howard Camhi
    Attorneys for Plaintiff Peter A. Davison,

16  Receiver for CanAm Capital Corporation

17  Dated:  June 8, 2012                DLA Piper LLP (US)

18

19  By  _/s/ Kurt Ramlo_____
    Kurt Ramlo

20  Attorneys for Defendant Citibank, N.A.

21  I, Kurt Ramlo, attest that all other signatories listed above, and on whose

22  behalf this filing is submitted, concur in the filing's content and have authorized the

23  filing.

24

25  _/s/ Kurt Ramlo_____
    Kurt Ramlo

26

27

28

DLA PIPER LLP (US)
LOS ANGELES

EAST\48562183.3                          -8-

**Joint Report**

1

**PROOF OF SERVICE**

2

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

3

4

5

        I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action.  My business address is DLA Piper LLP (US), 550 South Hope Street, Suite 2300, Los Angeles, California 90071.

6

7

        On **June 8, 2012**, I served the foregoing document described as:  Joint Report on the interested parties in this action as follows:

8

9

10

*Attorney for Plaintiff Peter A. Davidson*
Howard I Camhi
hcamhi@ecjlaw.com

11

12

  _X_  **By E-MAIL OR ELECTRONIC TRANSMISSION** (by notice of electronic filing)

13

14

  _X_  (Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

15

Executed on June 8, 2012, at Los Angeles, California.

16

17

18

Jean Kim_____
Name

Signature

19

20

21

22

23

24

25

26

27

28