UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES -- GENERAL

| | | |
|---|---|---|
| Case No. | **CV 11-10225-JFW (AGRx)** | Date:  August 27, 2012 |
| Title: | Peter A. Davidson -v- Citibank, N. A. | |

**PRESENT:**

　　　　HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE

| | |
|---|---|
| Shannon Reilly | None Present |
| Courtroom Deputy | Court Reporter |

| | |
|---|---|
| **ATTORNEYS PRESENT FOR PLAINTIFFS:** | **ATTORNEYS PRESENT FOR DEFENDANTS:** |
| None | None |

**PROCEEDINGS (IN CHAMBERS):**   ORDER TO SHOW CAUSE WHY ACTION SHOULD NOT BE DISMISSED FOR LACK OF SUBJECT MATTER JURISDICTION

　　　　On December 9, 2011, Plaintiff Peter A. Davidson ("Plaintiff") filed a Complaint to Avoid and Recover Fraudulent Transfers ("Complaint") against Defendant Citbank, N.A. ("Defendant") without providing the statutory or other basis for the subject matter jurisdiction of this Court.  Although Plaintiff's Civil Cover Sheet indicates that the basis for jurisdiction is federal question, Federal Rule of Civil Procedure 8(a) requires that: "A pleading that states a claim for relief must contain . . . a short and plain statement of the grounds for the court's jurisdiction."  Fed. R. Civ. P. 8(a).  In addition, Local Rule 8-1 requires that: "The statutory or other basis for the exercise of jurisdiction by this Court shall be plainly stated in the first paragraph of any document invoking this Court's jurisdiction."  L.R. 8-1.

　　　　In addition, assuming that the basis for jurisdiction is a federal question, Plaintiff has not adequately alleged the facts essential for the subject matter jurisdiction of this Court.  *Tosco Corp. v. Communities for a Better Environment*, 236 F.3d 495, 499 (9th Cir. 2001) (quoting *Smith v. McCullough*, 270 U.S. 456, 459 (1926)) ("'A plaintiff suing in a federal court must show in his pleading, affirmatively and distinctly, the existence of whatever is essential to federal jurisdiction . . . .'").  Moreover, to the extent Plaintiff is attempting to allege diversity jurisdiction, Plaintiff has failed to do so because Plaintiff has failed to allege the citizenship of Defendant.  *See* 28 U.S.C. § 1332(a).

　　　　Plaintiff is hereby ordered to show cause, in writing, no later than August 31, 2012, why this action should not be dismissed for lack of subject matter jurisdiction.  No oral argument on this matter will be heard unless otherwise ordered by the Court.  *See* Fed. R. Civ. P. 78, Local Rule 7-15.  The Order will stand submitted upon the filing of the response to the Order to Show Cause.  If Plaintiff files an amended complaint, which corrects the jurisdictional defects noted above on or

before August 31, 2012, the Court will consider that a satisfactory response to the Order to Show Cause.  Failure to respond to the Order to Show Cause will result in the dismissal of this action with prejudice.

      IT IS SO ORDERED.